## VICKSBURG AND MERIDIAN R. R. Co. v. AMOS GREEN.

1. SLAVERY: EFFECT OF PRESIDENT'S PROCLAMATION: DID NOT ABOLISH SLA-VERY IN THE STATE OF MISSISSIPPI BEYOND THE TERRITORY OCCUPIED BY FEDERAL ARMIES.—The proclamation of President Lincoln of September 22, 1862, abolishing slavery in the States then in rebellion on the 1st of January, 1863, was alone operative and effective in that portion of the seceded States which the armies of the United States had occupied or might occupy after the proclamation should, by its terms, go into effect.

2. ASSUMPSIT: WHAT EVIDENCE ADMISSIBLE UNDER GENERAL ISSUE.—In an action of assumpsit to recover the value of the hire of slaves, under a plea of the general issue, evidence that the slaves were freed by the President's proclamation is not admissible.

ERROR to the Circuit Court of Rankin county.    Hon. Jno. Watts, judge.

Action by defendant in error to recover of plaintiff in error the value of the hire of certain slaves.    Plea of the general issue.    The testimony showed that the slaves were hired in 1863. Plaintiff in error asked the court to instruct the jury that the slaves were emancipated on the 1st of January, 1863, by the President's proclamation.    The charge was refused.    Jury and verdict for defendant in error for amount of hire claimed to be due.    Writ of error to this court.    The errors assigned relate to the refusal of the court to give the instruction asked by plaintiff in error.

*W. & J. R. Yerger* for plaintiff in error.

*Geo. L. Potter and D. Shelton* for defendant in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This is an action of assumpsit, in the Circuit Court of Rankin county, upon a written contract of the plaintiff in error with the defendant in error for the hire of negroes for the year

Vicksburg and Meridian R. R. Co. v. Amos Green.

1863, dated on the 21st day of January, 1863, accompanied with an account showing the amount due defendant in error.

The only plea was *non assumpsit*, with a notice that plaintiff in error would show that the transaction was based upon Confederate money prices, and that payment was not contemplated in anything else.

During the progress of the trial, plaintiff in error asked the court to give to the jury the following instruction, to wit:

" That, by the proclamation of the President of the United States, dated Washington City, D. C., September the 22d, A.D. 1862, all persons held as slaves in any of the rebellious States were declared to be free after the first day of January, A.D. 1863; and that by proclamation of said President of the 1st of January, A.D. 1863, Mississippi was declared one of the rebellious States, and that all persons held therein as slaves were declared free; and that plaintiff has no right to recover for the services of said negroes, or for any service of them performed for defendant after the first day of January, A.D. 1863, unless it has been proved to their satisfaction that said negroes were a party to said contract, and voluntarily assented to the same."

This instruction the court refused to give, and exceptions were taken to this ruling.

Verdict and judgment thereon for the defendant in error, and hence the case is here for revisal by writ of error.

The only assignment of error relied upon by counsel for the reversal of this judgment is the ruling of the court in refusing to give the foregoing instruction.

Counsel for plaintiff in error contend that, inasmuch as the President of the United States had the power to declare the slaves free in the rebellious States as a military measure, the proclamation of the 22d of September, 1862, had a retroactive effect upon the slaves in the State of Mississippi, who had not been embraced within the Federal lines during the war.

This position of counsel, that the proclamation took effect upon the 1st of January, A.D. 1863, and freed the entire slave population of the rebellious States, can only be sustained upon

the theory that the President of the United States had the power, under the Constitution of the United States, to abolish slavery in the slave States of the Union; that he could make law by a mere proclamation.

This power was not asserted or assumed by the President in this proclamation; the exceptions therein contained indicating where it should not take effect in the rebellious States, clearly show that it was purely a military order.

The United States recognized the Confederate States as belligerents, and declared their territory "enemy's country."

It is a doctrine unknown to the laws of nations, that one belligerent can, by a mere proclamation or military order, change the civil *status* of the persons residing in the interior of an enemy's country, or their rights of property, over which the belligerent has no present power to enforce *any* order.

If we are correct in this view of the law applicable to belligerents, it follows that the rights of property of their owners in the slaves in the State of Mississippi were not affected by this proclamation beyond the districts of country the United States armies might occupy *after* the proclamation should, by its terms, go into effect.

At the time the proclamation was to go into effect, the military forces of the United States did not occupy any portion of the territory of the State of Mississippi, and had not occupied any portion of the State permanently during the year 1863, in which the negroes hired to and in possession of the plaintiff in error were laboring. If this state of affairs existed, *there being no proof in the record of any kind in relation to the proclamation,* the defendant in error's rights to the services of his negroes hired to the plaintiff in error did not cease during the year 1863.

Under these views of the effect of the proclamation in question, we think the slaves in the State of Mississippi, who were not within the lines of the United States army during the year A.D. 1863, were not emancipated by the proclamation of the President, on the first day of January, A.D. 1863. How or when

they were emancipated after this time, is not important to the decision of the case before us.

The instruction was therefore properly refused by the court.

To have given it under the state of pleadings in the cause would have been error, even if the defence relied upon by plaintiff in error had been a valid one. There was no plea setting.up the defence, or notice that it would be relied upon at the trial accompanying the general issue; an advantage was sought by this instruction the law will not sanction. *Herndon* v. *Henderson*, 41 Miss. Rep. p. 584.

We can see no reason why the judgment should be disturbed. Let the judgment be affirmed.